IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRISTOPHER T. SIZER and ANGELA LETCHER SIZER, | ) ) ) | C.A. No. 2: 17-cv-01591-LPL |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge Lisa Pupo Lenihan |
| DIANE R. BENNETT, | ) ) | |
| Defendant. | ) ) | Re: ECF No. 8 |

## MEMORANDUM OPINION

Presently before the Court is Defendant Diane R. Bennett's ("Defendant") Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f). For the following reasons, Defendant's Motion will be denied.

ALLEGATIONS

Plaintiffs, Cristopher T. Sizer and wife Angela Letcher Sizer ("Plaintiffs") initiated this action by filing the Complaint on December 7, 2017. (ECF No. 1). The Complaint contains a negligence count on behalf of Cristopher and a loss of consortium count on behalf of Angela. (ECF No. 1 ¶¶ 18-24). The case arises out of a motor vehicle accident that occurred on September 30, 2016 on Route 80 in Mercer County, Pennsylvania. (ECF No. 1 ¶¶ 1, 6-9). Plaintiffs allege Defendant lost control of her vehicle while attempting to pass their vehicle at a high rate of speed in the right lane, swerving into the left hand lane directly in front of Plaintiffs. (ECF No. 1 ¶¶ 1, 8). While passing, Defendant lost control of her vehicle, striking Plaintiffs' vehicle and the concrete median. (ECF No. 1 ¶¶ 1, 8-9). As a result of the collision, both vehicles had to be towed from the scene. (ECF No. 1 ¶ 11).

As a result of the impact, Plaintiff Cristopher ("Cristopher") experienced neck and back injuries. (ECF No. 1 ¶¶ 1, 12). Cristopher also suffered from radiculopathy into his upper and lower extremities. (ECF No. 1 ¶ 1). Upon returning home to South Dakota, Cristopher was treated by workers' compensation physicians who diagnosed him with several injuries including cervical and lumbar spine damage, and was unable to return to his employment thereafter. (ECF No. 1 ¶ 12). Cristopher underwent several months of unsuccessful conservative treatments including epidural injections and physical therapy. (ECF No. 1 ¶ 13). On July 7, 2017, Cristopher underwent a lumbar laminectomy and fusion. (ECF No. 1 ¶¶ 1, 13).

As a result of the accident and his injuries, Cristopher received a portion of his lost wages through his workers' compensation coverage, totaling $16, 901.90, as of December 5, 2017. (ECF No. 1 ¶ 14). Furthermore, as of December 5, 2017, he received $124, 077.47 from his insurer, Arch Insurance ("Arch"). (ECF No. 1 ¶ 15). Arch has claimed a subrogation lien for the total amount of workers' compensation benefits of $140, 979.37. (ECF No. 1 ¶ 15).

In the Complaint, Plaintiffs allege Defendant has an insurance policy with State Farm Insurance ("State Farm") in the amount of $100, 000. (ECF No. 1 ¶ 17). Plaintiffs further allege that their requests for State Farm to tender Defendant's policy limits have gone unanswered and that there was a November 31, 2017 deadline to do so. (ECF No. 1 ¶ 17). Plaintiffs then commenced this civil action.

On January 24, 2018, Defendant filed the Motion to Strike presently before the Court. (ECF No. 8). In the Brief in Support of the Motion, Defendant argues that the Complaint violates Pennsylvania statutory law, the Federal Rules of Evidence, and the Federal Rules of Civil Procedure. (ECF No. 9).

LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The standard for striking portions of a complaint under Rule 12(f) "is strict and . . . only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken." *Johnson v. Anhorn*, 334 F. Supp.2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chicago Title Ins. Co.*, No. Civ. A. 03-2292, 2004 WL 228672, at *6 (E.D. Pa. Feb. 4, 2004)). Moreover, striking portions of a plaintiff's pleadings is a drastic remedy, which should be used only when justice requires it. *Id.* "[A]llegations are immaterial or impertinent if they do not have an important relationship to the claims pled or do not pertain to the issues involved." *Gority v. Norfolk S. Ry. Co.,* Civil Action No. 3:10-cv-87, 2011 WL 4542676, at *6 (W.D. Pa. Sept. 28, 2011). Additionally, "[w]hen allegations in the Complaint could lead to a 'better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation,' they will not be considered immaterial, impertinent or scandalous, and a motion to strike will be denied." *Miller v. Allstate Fire & Cas. Ins. Co.*, Civ. No. 07-260, 2009 WL 577964, at *2 (W.D. Pa. March 5, 2009).

ANALYSIS

Defendant moves to strike Paragraphs 1, 7, 10, 17, and any allegation of recklessness set forth in the Complaint including but not limited to those in Paragraph 19, with prejudice. (ECF No. 1 ¶¶ 1, 7, 10, 17, 19).

**I. Recklessness/ Paragraph 19**

Defendant first argues that Plaintiffs' Complaint fails to assert any factual allegations that would sufficiently establish Defendant's subjective awareness of recklessness set forth in the

Complaint including but not limited to, those in Paragraph 19. (ECF No. 9 at 3). Defendant contends that the Complaint fails "to allege the culpable mental state of the Defendant necessary to prove the type of recklessly indifferent conduct which is necessary to make a claim for punitive damages." (ECF No. 9 at 3).

Plaintiffs respond by arguing that their allegations of recklessness are appropriate at this time in the proceedings. (ECF No. 11 at 4). Furthermore, they contend, "[t]he purpose of a complaint is to put the court and the defendant on notice of the basis of the claims at issue." (ECF No. 11 at 3). In support of their averments concerning recklessness, Plaintiffs cite to the Restatement (Second) of Torts § 500 which defines reckless disregard as follows:

> The actor's conduct is in reckless disregard of the safety of another if [she] does an act or intentionally fails to do an act of which it is [her] duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that [her] conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make [her] conduct negligent.

(ECF No. 11 at 5 (citing Restatement (Second) of Torts § 500 (1965))).

In further support, Plaintiffs argue that the courts have found allegations of recklessness to be proper when a driver was speeding in adverse weather or driving carelessly in dangerous road conditions, citing *Sabo v. Suarez*, Civ. A. No. 3:CV-08-1889, 2009 WL 2365969, at *3 (M.D. Pa. July 31, 2009) and *Gregory v. Sewell*, Nos. 4:CV-04-2438, 4:CV-04-2439; 4:CV-04-2440, 2006 WL 2707405, at *12 (M.D. Pa. Sept. 19, 2006). (ECF No. 11 at 5). Plaintiffs emphasize that striking any mention of recklessness with prejudice would lead to an unfair result of dismissing any possible future claim for punitive damages. (ECF No. 11 at 7). Plaintiffs maintain that although there are no requests for punitive damages in the Complaint at this time,

4

discovery may reveal punitive damages to be justified and to eliminate them at this time with prejudice would be inappropriate. (ECF No. 11 at 7).

Plaintiffs' allegations suggesting recklessness are proper at this stage of the proceedings because these allegations are neither redundant, immaterial, impertinent nor scandalous pursuant to Rule 12(f). Striking portions of a plaintiff's pleading is a drastic remedy and should only be used when justice requires it. *Johnson*, 334 F. Supp.2d at 808. Furthermore, the standard is so strict that, "only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken." *Id*. at 809. Instead, Plaintiffs sufficiently allege that Defendant passed Plaintiff Cristopher in the right-hand lane at a very high rate of speed. (ECF No. 1 ¶¶ 1, 7-10). Defendant has not established that these allegations cannot, after discovery, establish recklessness. That is, "[a]t this stage of the litigation, the [C]ourt cannot assume that [Plaintiffs] will be unable to present any evidence to support a claim of punitive damages." *Thompson v. Med-Mizer. Inc.*, Civil Action No. 10-cv-2058, 2011 WL 13141659, at *1 n.1 (E.D. Pa. Oct. 5, 2011). Therefore, Defendant's request to strike with prejudice any allegation of recklessness set forth in the Complaint including but not limited to, those in Paragraph 19 will be denied.

**II. Witness Statements and Police Reports/ Paragraphs 7 and 10**

Defendant requests the Court to strike Paragraphs 7 and 10 of the Complaint because they contain references to the police report created in response to the September 30, 2016 motor vehicle accident (hereinafter "the Report"). Defendant argues that Plaintiffs' reference to the Report violates 75 Pa. Cons. Stat. Ann. § 3751, which prohibits the admission of police reports into evidence in a civil action for damages arising out of a motor vehicle accident. (ECF No. 9 at

4). Furthermore, Defendant argues the Report is inadmissible hearsay and should not be admitted into an action for damages. (ECF No. 9 at 4).

Plaintiffs respond that although under the statute police reports are inadmissible in any action for damages arising out of a motor vehicle accident, a complaint is not evidence. (ECF No. 11 at 7 (citing *Butler v. BTC Foods, Inc.*, Civ. A. No. 12-492, 2012 WL 5315034, at *4 (E.D. Pa. Oct. 19, 2012))). Accordingly, Plaintiffs assert that the witnesses' observations thereunder are admissible to establish Defendant's speed and driving behavior before the accident. (ECF No. 11 at 7). Plaintiffs also oppose Defendant's claim that expert testimony is required to determine the speed of a vehicle. (ECF No. 11 at 7). Plaintiffs argue lay witness testimony is admissible "where a witness is in a position to observe the speed of a vehicle and has experience judging speed due to their own everyday experience and knowledge." (ECF No. 11 at 8). Plaintiffs justify the admissibility of the statements in the police report as putting the Defendant on notice as to the source of the claims, and provide a basis for their negligence claim. (ECF No. 11 at 8).

As correctly argued by Plaintiffs, a complaint is not evidence. *See VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 636 (3d Cir. 2007); *Hayes v. Easterday*, 879 F. Supp.2d 449, 452, n.1 (E.D. Pa. 2012). Therefore, it would be inappropriate for the Court to apply 75 Pa. Cons. Stat. Ann. § 3751 to Paragraphs 7 and 10 at this point in the proceedings. Regarding Defendant's second argument, the Court disagrees and will deny the Motion to Strike on the grounds the Report is inadmissible hearsay evidence. The Complaint is not bound by the Federal Rules of Evidence; therefore, it would be premature and improper for the Court to make a judgement on the admissibility of the statements in the Report at this time. Thus, the Court will deny Defendant's Motion to Strike Paragraphs 7 and 10.

**III. Preliminary Statement/ Paragraph 1**

Defendant requests Paragraph 1 of the Complaint, the Preliminary Statement, be stricken for redundancy pursuant to Federal Rule of Civil Procedure 12(f) and improper form pursuant to Rule 10(b).[1] (ECF No. 8 ¶ 31). In support, Defendant relies on this District's definition of redundancy as when immaterial averments are needlessly repeated. (ECF No. 9 at 5 (citing *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134, 138 (W.D. Pa. 1946)). Furthermore, Defendant argues the Preliminary Statement is improperly formatted because it "serves to summarize the entirety of the Plaintiffs' Complaint." (ECF No. 9 at 6).

In opposition, Plaintiffs maintain their Preliminary Statement is in compliance with Federal Rule of Civil Procedure 10(b). (ECF No. 11 at 8). Plaintiffs also contend the Defendant has failed to show any prejudice caused by the Preliminary Statement. (ECF No. 11 at 8 (citing *Berezansky v. CBN Bank*, Case No. 3:17-cv-105, 2018 WL 461245, at *3 (W.D. Pa. Jan. 7, 2018) (holding allegations must cause prejudice to one of the parties in granting a motion to strike))).

As a general rule, a motion to strike paragraphs of a complaint will only be granted when the allegations have no possible relation to the controversy or may prejudice the other party. *American Oil Co. v. Cantelou Oil Co.*, 41 F.R.D. 143, 145 (W.D. Pa. 1966); *Federal Deposit Ins. Corp. v. Alter,* 14 F.R.D. 67, 69 (W.D. Pa. 1953). Here, the Defendant's motion to strike for improper form under Rule 10 and redundancy under 12(f) will be denied. Although the Court notes that the Preliminary Statement is a summary, it does not meet the strict standard of Rule 12(f). Plaintiffs' Preliminary Statement has a logical connection to the subject matter of the controversy and does not cause significant prejudice to the Defendant. For the foregoing reasons, Defendant's Motion to Strike the Preliminary Statement will be denied.

---

[1] Defendant incorrectly cites to Pa. R. Civ. P. 10 and Pa. R. Civ. P. 12(f) in their Brief in Support. (ECF No. 9 at 5 ¶ C).

7

## IV. Paragraph 17

Defendant contends this Court should strike Paragraph 17 for violating Federal Rules of Evidence 408 and Rule 411, because it references settlement negotiations and liability insurance. (ECF No. 9 at 6). Furthermore, Defendant argues in the alternative, that the allegations are "immaterial" and "impertinent" pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 9 at 6).

Specifically, Defendant asserts Rule 408 is applicable when it concerns the settlement or compromise of a claim and deems such evidence inadmissible when offered to establish liability, validity, or the amount of a claim. (ECF No. 9 at 7 (citing *Affiliated Mfrs., Inc. v. Aluminum Co. of America*, 56 F.3d 521 (3d Cir. 1995))). Defendant argues, therefore, that Plaintiffs violate Rule 408 because they only mention the policy to establish Defendant's liability and to validate the amount of their claim for damages. (ECF No. 9 at 7).

In response, Plaintiffs contend any reference to their demand on Defendant's policy limits was done to apprise the Court and provide a background of the circumstances surrounding the case. (ECF No. 11 at 9). They further assert that the information about Defendant's policy and prior demands of those limits are material to the case and will be heard by the Court at the initial case management conference. (ECF No. 11 at 9).

It is well established that Rule 408 is a rule of evidence and does not generally govern pleadings. *Grant Mfg. & Alloying, Inc. v. Recycle Is Good, LLC.*, Civ. A. No. 11-3115, 2011 WL 6015663, at *3 (E.D. Pa. Dec. 1, 2011); *Mobile Conversions, Inc. v. Allegheny Ford Truck Sales*, No. 2:12-cv-1485, 2013 WL 1946183, at *8 (W.D. Pa. May 9, 2013). Rule 12(f), however, is appropriate when striking from a pleading . . . "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Rule 408 bars evidence that is used,

"either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: . . . (2) conduct or a statement made during compromise negotiations about the claim . . . ." Fed. R. Evid. 408.

Here, it is inappropriate to strike references to Defendant's insurance policy for violating Rule 408 at this point in the proceedings. In addition, pursuant to Rule 12(f), the Court does not find the information redundant, immaterial, impertinent, or scandalous. Therefore, Defendant's Motion to Strike Paragraph 17 will be denied. Defendant may, however, seek to exclude this evidence by filing a motion in limine prior to trial. *See*, *e.g.*, *Bailey –P.V.S. Oxides, LLC v. S &K Packaging, Inc.*, No. 8-1596, 2009 WL 425605, at *2 (W.D. Pa. Feb. 19, 2009) (denying motion to strike allegations relating to pre-litigation offers of settlement because "at the appropriate time, the parties will have the opportunity to lay a foundation for the admission or the exclusion of evidence from [] trial.").

Likewise, the Court denies Defendant's request to strike Paragraph 17 for violating Rule 411 for the foregoing reasons. (ECF No. 9 at 7). Defendant argues Plaintiffs cannot introduce otherwise inadmissible evidence through allegations of their complaint and do not offer allegations relating to any of the other provided purposes under Rule 411. (ECF No. 9 at 7). Plaintiffs contend the reference to Defendant's liability insurance was not offered as evidence, but to apprise the Court and provide a background of the circumstances surrounding the case. (ECF No. 11 at 9).

According to Rule 411, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. As discussed above, the rules of

evidence do not govern pleadings, and the Court will not apply Rule 411 to the allegations in Paragraph 17. *See Steak Umm Co., LLC v. Steak 'Em Up, Inc.,* Civil Action No. 09- 2857, 2009 WL 3540786, at *3 (E.D. Pa. Oct. 29, 2009). Again, this does not foreclose Defendant's ability to file a motion in limine before trial.

In conclusion, the Court will deny Defendant's Motion to Strike Paragraph 17 for violating Federal Rules of Evidence 408 and 411 because it does not find the allegations to be immaterial or impertinent pursuant to Federal Rule of Civil Procedure 12(f). Defendant, however, may file a motion in limine before trial in an effort to exclude evidence deemed inadmissible by these Federal Rules of Evidence.

CONCLUSION

For the above reasons, Defendant's Motion to Strike will be denied. An appropriate Order will follow.

Dated: July 17, 2018

                                                      **BY THE COURT**

                                                      LISA PUPO LENIHAN
                                                      United States Magistrate Judge